IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | |
| BYRON T. BLAND, | * | Chapter 7 |
|     Debtor | * | |
| | * | Case No.: 1-03-bk-03337MDF |
| GINA ALBANESE, | * | |
|     Plaintiff | * | |
| | * | |
| v. | * | Adv. No.: 1-04-ap-00238 |
| | * | |
| BYRON T. BLAND, | * | |
|     Defendant | * | |

## OPINION

### Procedural and Factual History

Before the Court is the complaint of Gina L. Albanese ("Plaintiff") seeking relief from the discharge injunction to allow her to proceed with a civil suit for damages for injuries she sustained in a motor vehicle accident. The relevant facts are not disputed. On January 9, 2002, Plaintiff was injured in a motor vehicle accident involving Byron T. Bland ("Debtor"). At the time of the accident, Debtor was operating a vehicle that he owned, but was leasing to Joyner Express Trucking, Inc. ("JET"). In accordance with the lease agreement, the vehicle was insured through a policy purchased by JET from Westport Insurance Corporation ("Westport"). A third vehicle involved in the accident was driven by Barbara Dunbar ("Dunbar").[1] Plaintiff's civil suit for damages was filed against Bland and Dunbar, but not JET, on April 24, 2003, in the United States District Court for the Western District of Virginia (the "Virginia action").

---

[1] The suit alleges that while traveling on Interstate 81 in Frederick County, Virginia, Debtor negligently and recklessly attempted to change lanes, forcing Dunbar off the roadway where she lost control of her vehicle and struck Plaintiff.

1

On June 5, 2003, Debtor filed the instant Chapter 7 bankruptcy petition. On October 1, 2003, he received a discharge of all of his unsecured, non-priority debts, which relieved him of personal liability to Plaintiff for any civil damages arising from the accident. On October 20, 2004, Plaintiff moved to reopen Debtor's bankruptcy case to allow her to file the instant Complaint, which seeks relief from the discharge injunction to allow her to proceed with the Virginia action on the condition that any damages that she might nominally recover from Debtor would be limited to those payable from liability insurance. Debtor responded to the Complaint by filing an "Opposition Memorandum" in which he essentially admitted the relevant factual allegations, but asserted that relief should not be granted from the discharge injunction because such relief would effectively deprive him of a "fresh start." The parties agreed to submit the matter for decision based on the briefs, which have been filed.[2]

## Discussion

The provisions of the Bankruptcy Code at issue in this case are found within 11 U.S.C. §524, which provides as follows:

> (a) a discharge in a case under this title –
>
> (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect recover or offset any such debt as a personal liability of the debtor. . . .
>
> ***
>
> (e) except as provided in subsection (a)(3) of this section, discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt.

---

[2] I have jurisdiction to hear this matter pursuant to 28 U.S.C. §§157 and 1334. This matter is core pursuant to 28 U.S.C. §157(b)(2)(A) and (O). This Opinion constitutes findings of fact and conclusions of law made under Fed. R. Bankr. P. 7052.

11 U.S.C. § 524(a)(2) and (e).

> The discharge and injunction, however, are expressly designed to protect only the *debtor,* and do not affect the liability of any other entity for the debt. Accordingly, courts are in near unanimous agreement that § 524(e) permits a creditor to bring, and proceed in, an action nominally directed against a discharged debtor for the sole purpose of proving liability on its part as a prerequisite to recovering from its insurer. [I]t makes no sense to allow an insurer to escape coverage for injuries caused by its insured merely because the insured receives a bankruptcy discharge. Such a result would be fundamentally wrong.

*In re Coho Resources, Inc.,* 345 F.3d 338, 342 -343 (5th Cir. 2003) (Internal quotations omitted. Italics in the original.) (Citing *In re Jason Pharmaceuticals, Inc.,* 224 B.R. 315, 322-23 (Bankr. Md. 1998) (collecting cases)).

In the instant case, Debtor argues that the majority holding should not be applied in his case because of the physical difficulty he would encounter if required to defend the Virginia action. Debtor provided an affidavit which stated that the accident left him with a ruptured bowel, which lead to peritonitis rendering him comatose for six weeks. Thereafter he remained hospitalized for approximately fourteen months, until May 19, 2003. He currently resides in his mother's home in Harrisburg where he receives home nursing care. He is totally dependent on his mother for financial support and alleges that he is unable to travel outside of the Harrisburg, Pennsylvania area. Requiring Debtor to participate in the Virginia action, Debtor argues, would deprive him of the fresh start afforded by a Chapter 7 discharge.

Debtor's injuries were serious, and it appears undisputed that he has endured significant pain and suffering. Undoubtedly, it will be difficult for Debtor to participate in his defense even though he will not be subject to personal liability for any judgment that may be rendered against him. But the Bankruptcy Code only provides for a fresh *financial* start, not absolution from all future, non-monetary consequences or responsibilities that may accompany debt. "The

Bankruptcy Code offers an honest debtor a fresh financial start. However, it also offers creditors fair treatment of their claims." *In re Ponce*, 218 B.R. 571, 573 -574 (Bankr. E.D. Wash. 1998). Thus, in rendering the instant decision, this Court cannot disregard the plight of Plaintiff. In the context of a motion for relief from stay, the Court in *In re Robertson*, 244 B.R. 880 (Bankr. N.D. Ga. 2000) heard an argument similar to Debtor's and found it unpersuasive.

> While it may be inconvenient and physically taxing on [a debtor] to have to appear at trial or at a deposition, the Court rejects the notion that lifting the stay in his case will impermissibly interfere with his "fresh start." This Court agrees with another bankruptcy court in this district, which held in a similar case that a debtor is "not relieved of the responsibility ... to testify at trial and/or participate in discovery as a witness." *In re Doar,* 234 B.R. 203, 206-07 (Bankr.N.D.Ga.1999) (citations omitted) (Kahn, B.J.); *see also In re Bock Laundry Mach. Co.,* 37 B.R. 564, 567 (Bankr.N.D.Ohio 1984) (courts do not ascribe much significance to the fact that a debtor may have to participate in the defense of the case, "especially when the debtor's insurer is obligated to provide counsel").

*Id.* at 883.

Debtor argues that notwithstanding his discharge, he may incur fees to defend the suit if Westport denies coverage because he has not fully cooperated in his defense. He suggests that his physical limitations may prevent him from providing cooperation to the extent expected by Westport. This argument, of course, begs the question of what is "full cooperation." Presumably Debtor intends to cooperate in the litigation to whatever extent his disabilities will permit. This Court cannot base its ruling on the instant Complaint based on pure speculation that Westport will find that Debtor is not providing his "full cooperation" and will refuse to defend.

Accordingly, the Court will enter an order granting relief from the discharge injunction. The relief will be specifically tailored, however, to ensure that Debtor will not face personal financial responsibility for any award of damages resulting from the litigation or for attorneys fees in defending the action.

BY THE COURT,

Mary D. France
Bankruptcy Judge

Date: January 20, 2006

*This electronic opinion is signed and filed on the same date.*